J-S10029-20

2020 PA Super 102

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
VERNON ANDRE COX, JR. :
:
Appellant : No. 785 MDA 2018

Appeal from the Judgment of Sentence April 12, 2018,
in the Court of Common Pleas of York County,
Criminal Division at No(s):  CP-67-CR-0001435-2017.

BEFORE:    PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

OPINION BY KUNSELMAN, J.:                     **FILED APRIL 22, 2020**

Vernon Andre Cox, Jr., appeals from the judgment of sentence imposed

following his convictions of murder.[1]  Additionally, Cox's appellate counsel has

filed a petition to withdraw and an accompanying brief pursuant to ***Anders v.***

***California***, 386 U.S. 738, 744 (1967) (hereinafter the "***Anders*** brief").  We

grant counsel's petition, and affirm the judgment of sentence.

The relevant factual and procedural history can be summarized as

follows.  On January 15, 2017, Cox contacted Leon White and asked if White

could obtain some marijuana for Cox.  White agreed, and proceeded to Cox's

residence.  When White arrived, he contacted Ryan Small to set up a drug

transaction.  Cox and White then left Cox's residence and walked to the

---

[1] ***See*** 18 Pa.C.S.A. § 2502.

designated meeting place. As they waited for Small to arrive, White asked Cox how much money he had. Cox told White that he had seventy dollars. White informed Cox that Small only sold marijuana for eighty dollars. In response, Cox indicated that, if Small did not give him the marijuana for seventy dollars, Cox would take it. Small thereafter arrived at the designated location in a vehicle in which he was the sole occupant. Cox went to the front passenger side of the vehicle, opened the door, and started shooting. As Small drove away, Cox pursued the car on foot, and fired another shot. Small, who was shot in the torso and groin, veered onto another street and crashed. Small died as a result of his gunshot wounds.[2]

The matter proceeded to trial, at the conclusion of which a jury found Cox guilty of murder of the first degree, second degree, and third degree. As Cox was found guilty of first-degree murder, the trial court imposed a mandatory sentence of life imprisonment without the possibility of parole. The other two counts of murder merged with first-degree murder for sentencing purposes. Cox did not file a post-verdict or post-sentence motion. Cox filed a timely notice of appeal. Both Cox and the trial court complied with Pa.R.A.P. 1925. In this Court, counsel filed a petition to withdraw and an **Anders** brief. Cox did not retain independent counsel or file a pro se response to the **Anders** brief.

---

[2] For a more thorough recitation of the facts, see the trial court's opinion. Trial Court Opinion, 4/25/19, at 2-12.

In the **Anders** Brief, counsel raises the following issues:

I. Whether the evidence was insufficient to sustain the conviction for murder of the first degree, murder of the second degree and murder of the third degree?

II. Whether the verdict was against the weight of the evidence presented?

III. Whether the trial court abused its discretion in denying [Cox's] motion for mistrial?

**Anders** Brief at 5 (capitalization omitted, issues reordered for ease of disposition).

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he/she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief

(1)     provide a summary of the procedural history and facts, with citations to the record;

(2)     refer to anything in the record that counsel believes arguably supports the appeal;

(3)     set forth counsel's conclusion that the appeal is frivolous; and

(4)     state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.  Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of *Anders*. Counsel indicated that he conscientiously examined the record and determined that an appeal would be frivolous.  Further, counsel's *Anders* brief comports with the requirements set forth by the Supreme Court of Pennsylvania in *Santiago*.  Finally, the record includes a copy of the letter that counsel sent to Cox advising him of his right to proceed *pro se* or retain alternate counsel and file additional claims, and stating counsel's intention to

- 4 -

seek permission to withdraw.[3]  Accordingly, counsel has complied with the procedural requirements for withdrawing from representation, and we will conduct an independent review to determine whether Cox's appeal is wholly frivolous.

The first two issues raised in the ***Anders*** brief present challenges to the sufficiency and weight of the evidence supporting Cox's murder convictions. Initially, we observe that, in order to preserve a challenge to either the sufficiency or weight of the evidence on appeal, an appellant's Rule 1925(b) concise statement must state with specificity the elements or verdicts for which the appellant alleges that the evidence was insufficient or against the weight of the evidence.  ***See Commonwealth v. Freeman***, 128 A.3d 1231, 1248-49 (Pa. Super. 2015) (finding waiver of appellant's sufficiency and

---

[3] The record contains a November 13, 2019 letter from appellate counsel to Cox advising him of his appellate rights, and enclosing copies of the ***Anders*** brief and the petition to withdraw.  However, the letter incorrectly stated that Cox could proceed *pro se* ***if*** this Court granted counsel permission to withdraw. Accordingly, on November 26, 2019, this Court issued an order directing appellate counsel to provide Cox with a supplemental letter advising him of his immediate right to proceed *pro se*.  Counsel complied, and issued a supplemental letter to Cox dated November 26, 2019, providing the required information.  The supplemental letter was filed with this court on December 18, 2019.  On December 6, 2019, this Court received a *pro se* letter from Cox wherein he claimed that counsel had not served him with a copy of the ***Anders*** brief, thereby denying him the right to respond to same.  ***See*** *Pro Se* Correspondence, 12/6/19, at 1.  In his correspondence, Cox requested that this Court reinstate his appellate rights.  ***Id***.  Given that Cox's appeal was still pending, this Court denied his request for reinstatement of his appellate rights.  However, this Court ordered the prothonotary to serve Cox with a copy of the ***Anders*** brief, and granted Cox twenty-one days in which to file a response to the ***Anders*** brief.  Cox did not file a response.

weight challenges where the Pa.R.A.P. 1925 statement was too vague to permit the court to identify (1) which crimes, or the elements of any crimes, that the Commonwealth allegedly failed to prove beyond a reasonable doubt; or (2) which verdicts were contrary to the weight of the evidence, and the specific reasons why the verdicts were contrary to the weight of the evidence). Such specificity is of particular importance in cases where, as here, Cox was convicted of multiple crimes, each of which contains elements that the Commonwealth must prove beyond a reasonable doubt.

In Cox's concise statement, Cox did not identify which of his three murder convictions, or any particular elements thereof, the Commonwealth allegedly failed to establish.[4] Nor did he identify which verdict was against the weight of the evidence, or the specific reasons why any such verdict was against the weight of the evidence. Instead, he collectively and vaguely stated his sufficiency and weight of the evidence challenges, as follows: "Whether the verdict was against the weight and sufficiency of the evidence presented." Concise Statement, 6/18/18, at 1 (capitalization omitted).

Nevertheless, when presented with an **Anders** brief and a petition to withdraw, this Court has a duty to independently review the record to determine whether, in fact, the appeal is wholly frivolous, despite the deficient

---

[4] Cox's trial counsel initially represented him in this direct appeal. However, after filing the concise statement, initial direct appeal counsel petitioned to withdraw. Present direct appeal/**Anders** counsel was then appointed to represent Cox.

framing of the issue in the concise statement. *See Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa. Super. 2001) (holding that, in order to rule upon *Anders* counsel's petition to withdraw, we must examine the merits of the appellant's discretionary sentencing claim, as raised in the *Anders* brief, despite *Anders* counsel's failure to file a court-ordered Pa.R.A.P. 1925(b) concise statement); *see also Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (addressing appellant's discretionary sentencing claim despite *Anders* counsel's failure to include a Pa.R.A.P. 2119(f) statement in his *Anders* brief).

Notably, both *Hernandez* and *Lilley* involved waiver-causing procedural errors committed by direct appeal/*Anders* counsel *after* a notice of appeal had been filed. In our view, these cases stand for the proposition that, when direct appeal counsel has filed an *Anders* brief and is requesting permission to withdraw from representation, this Court may overlook certain procedural deficiencies in appellate court filings to ensure that *Anders* counsel has not overlooked non-frivolous issues.

However, we do not interpret *Hernandez* and *Lilley* as permitting this Court to address issues that were not properly preserved in the trial court. Thus, the mere filing of an *Anders* brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal. *See* Pa.R.A.P. 302(a) (providing the general rule that "[i]ssues not

raised in the lower court are waived and cannot be raised for the first time on appeal").[5]

Turning to Cox's sufficiency challenge, our standard of review of sufficiency claims is as follows:

> [W]e evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Franklin***, 69 A.3d 719, 722 (Pa. Super. 2013) (citations and quotation marks omitted).

In order to prove that Cox committed murder, the Commonwealth was required to establish:

> **(a) Murder of the first degree.** — A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

> **(b) Murder of the second degree.** — A criminal homicide constitutes murder of the second degree when it is committed

---

[5] To the extent that the waiver of any such claim implicates the ineffectiveness of trial counsel, litigation of ineffectiveness claims is not generally a proper component of a defendant's direct appeal, and is presumptively deferred for collateral attack under the Post Conviction Relief Act. ***See*** 42 Pa.C.S.A. § 9543 (a)(2)(ii) ***see also Commonwealth v. Holmes***, 79 A.3d 562, 578 (Pa. 2013) (establishing a deferral rule for ineffectiveness claims). Thus, Cox may raise trial counsel's ineffectiveness in a timely PCRA petition.

while defendant was engaged as a principal or an accomplice in the perpetration of a felony.

**(c) Murder of the third degree. —** All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the first degree.

**(d) Definitions. —**

As used in this section the following words and phrases shall have the meanings given to them in this subsection:

. . . .

*"Intentional killing."* —Killing by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing.

*"Perpetration of a felony*." —The act of the defendant in engaging in or being an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape, or deviate sexual intercourse by force or threat of force, arson, burglary or kidnapping.

18 Pa.C.S.A. § 2502.

Our Supreme Court recently summarized:

To convict a defendant of first-degree murder, the Commonwealth must prove beyond a reasonable doubt that the defendant unlawfully killed another human being, the defendant acted with the specific intent to kill, and the killing was willful, deliberate, and premeditated. The specific intent to kill may be inferred from the defendant's use of a weapon on a vital part of the victim's body. . . . Furthermore, the Commonwealth may sustain its burden by wholly circumstantial evidence and the jury is free to believe all, part, or none of the evidence.

*Commonwealth v. Thomas*, 215 A.3d 36, 40 (Pa. 2019) (citations omitted).

Counsel maintains that any challenge to the sufficiency of Cox's murder convictions lacks merit because White, an eye witness to the murder, testified that that Cox approached Small's vehicle, opened the passenger side door,

- 9 -

fired three shots at Small, and fired a fourth shot at Small's vehicle as he drove away. White additionally testified that Cox told him that he would take the marijuana if Small did not sell it to him for seventy dollars. Counsel further indicates that evidence was presented that the firearm used in the shooting was found at Cox's residence, and a witness testified that Cox had previously possessed that firearm. Finally, Cox's prison cellmate testified that Cox told him that he shot Small. According to counsel, this evidence was sufficient to establish that Cox murdered Small during the commission of a felony (robbery).

The trial court addressed Cox's sufficiency challenge and determined that the claim lacks merit. *See* Trial Court Opinion, 4/25/19, at 14-19 (addressing both the weight and sufficiency of the evidence). We concur with the reasoning of the trial court, and affirm the dismissal of Cox's sufficiency challenge on the basis of its analysis. *See id*.

Turning to Cox's weight of the evidence claim, we first note that a weight challenge must be preserved either in a post-sentence motion, a written motion before sentencing, or orally prior to sentencing. *See* Pa.R.Crim.P. 607(A)(1)-(3); *see also id.*, cmt. (providing that "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived."). An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim.

***Commonwealth v. Burkett***, 830 A.2d 1034, 1037 (Pa. Super. 2003);

***Commonwealth v. Wilson***, 825 A.2d 710, 713 (Pa. Super. 2003) (holding

that a claim challenging the weight of the evidence cannot be raised for the

first time on appeal).

Here, Cox's appellate counsel indicates that any challenge to the weight

of the evidence is waived because neither trial counsel nor Cox preserved such

a challenge in the trial court. Our review of the docket confirms that Cox did

not file either a written motion before sentencing or a post-sentence motion.

Further, our review of the transcript of the sentencing hearing confirms that

Cox did not raise a weight challenge orally prior to sentencing. Thus, even if

the claim had merit, Cox waived it.[6]

In the final issue raised in the ***Anders*** brief, counsel claims that the trial

court erred in denying Cox's motion for mistrial. When presented with a

challenge to the denial of a motion for mistrial, we adhere to the following

standards.

> A motion for mistrial is within the discretion of the trial court. A
> mistrial upon motion of one of the parties is required only when
> an incident is of such a nature that its unavoidable effect is to
> deprive the appellant of a fair and impartial trial. It is within the
> trial court's discretion to determine whether a defendant was
> prejudiced by the incident that is the basis of the motion for a
> mistrial. On appeal, our standard of review is whether the trial
> court abused that discretion.

---

[6] If the claim had been preserved, we would have concluded that it lacks merit
for the reasons expressed by the trial court. ***See*** Trial Court Opinion, 4/25/19,
at 14-19.

*Commonwealth v. Tejada*, 834 A. 2d 619, 623 (Pa. Super. 2003). Courts are hesitant to grant a motion for mistrial when the conduct complained of was not the product of the court, counsel, or the parties. *Commonwealth v. Metzer*, 634 A.2d 228, 232 (Pa. Super. 1993).

In the *Anders* brief, counsel indicates that Cox moved for a mistrial following a shooting which occurred outside the courthouse during the course of his multi-day trial. The victim of that shooting was one of Cox's relatives, and the alleged perpetrator was a member of Small's family. The trial court instructed the jury that there would be heightened security as a result of an unspecified crime that was committed outside the courthouse, and thereafter conducted a brief *voir dire* in which it asked members of the jury if they were exposed to information regarding the crime. One juror indicated that his mother had called and asked if he was okay because she had heard there was a shooting. The juror stated that he had received no other information, had not shared the information with any other juror, and indicated that the information received would not affect his ability to be fair and impartial. Counsel advocates that, in light of these circumstances, a jury would be hesitant to return a verdict of not guilty. Nevertheless, counsel maintains that the argument is frivolous because there is no evidence in the record that would support a finding that the shooting was of such a nature that its unavoidable effect was to deprive Cox of a fair and impartial trial.

The trial court considered the first issue raised in the **Anders** brief and determined that it is frivolous. It explained its reasoning as follows:

> The Court first gave a throughout [sic] instruction to the jury that on the previous day a crime was committed outside of the courthouse (without mentioning specifically what the crime was), and that there would be heightened security in light of that crime, but that the jury should not concern itself with anything that occurs outside of the courthouse. The court then conducted a brief *voir dire* of the jury to determine if any members of the jury had been exposed to any information about the external crime, to which all but one of the jurors responded in the negative. The court then brought that one juror who had been exposed up to sidebar to determine what information they had heard outside the hearing of the other jurors. The juror stated that his mother had called him to ask if he was okay because she had heard there was a shooting in downtown York. The juror was not informed of who the parties to the shooting might be, nor what connection they may have had to [Cox's] case, if any. The court then asked the juror if this information would prevent him from being fair and impartial, to which he responded no. The [court] further instructed the juror to not discuss the information he had been told with the other jurors. As these events occurred outside of the courtroom, with no apparent link to the trial or [Cox], and the sole juror with any partial knowledge credibly responded that the event would not impact his ability to be fair and impartial, the court found no basis to grant a mistrial. [Cox's] ability to have a fair and impartial trial was in no way impacted by this collateral occurrence and the court's denial of [Cox's] motion for a mistrial was appropriate.

Trial Court Opinion, 4/25/19, at 13-14 (footnote, capitalization, and citations to the record omitted).

We discern no abuse of discretion by the trial court in denying Cox's motion for mistrial. Given that only one juror was aware of the shooting, and no juror was aware of any relationship between the victim, Cox, and the parties involved in the shooting, we discern no abuse of discretion by the trial

court in determining that the shooting was not "of such a nature that its unavoidable effect is to deprive [Cox] of a fair and impartial trial." ***See Tejada***, ***supra***. Accordingly, we agree with counsel's conclusion that Cox's challenge to the denial of a mistrial is wholly frivolous.

Finally, as required by ***Anders***, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. Our independent review of the record discloses no other non-frivolous issues that Cox could raise that his counsel overlooked. ***See Dempster***, ***supra***. Having concluded that there are no meritorious issues, we grant counsel's petition to withdraw and affirm Cox's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/22/2020

- 14 -