J-S35031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: X.S., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: A.U., MOTHER | : : : : : : : | |
| | : | No. 555 EDA 2020 |

Appeal from the Order Entered January 29, 2020
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0000346-2018

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JULY 31, 2020**

A.U. ("Mother") appeals from the order entered on January 29, 2020, holding that her child, A.S. ("Child"), born in 2017, was not "dependent" under the Juvenile Act,[1] as Child's father, A.S. ("Father"), was available to assume custody.  With this appeal, Mother's counsel has filed a petition to withdraw and an ***Anders***[2] brief, stating that the appeal is wholly frivolous.  We deny counsel's petition to withdraw without prejudice and order her to send a new letter to Mother informing Mother that, in addition to her right to retain new counsel or to proceed *pro se*, Mother has the right to raise any additional points that Mother deems worthy of this Court's attention.  This new letter

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 6301-6375.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

must be sent within 30 days of the date of this decision. At that time, counsel may file a new **Anders** brief and petition to withdraw. Mother shall thereafter have the opportunity, if she so chooses, to file her own brief *pro se* or by new counsel whom she retains.

In its opinion, the trial court correctly set forth the relevant facts and procedural history of this case. **See** Trial Court Opinion, dated May 1, 2020,[3] at 1-5. Therefore, we have no reason to restate them at length.

For the convenience of the reader, we briefly note that, on February 22, 2018, DHS filed a dependency petition. On January 29, 2020, the trial court entered a written "Order of Adjudication and Disposition," "find[ing] that clear and convincing evidence does not exist to substantiate the allegations set forth in the petition" and consequently holding that "Child is not Dependent pursuant to the Pennsylvania Juvenile Act and that the petition for dependency is dismissed." The Order further stated: "Child to be reunified with Father, custody confirmed." On February 12, 2020, Mother filed this timely appeal.[4]

---

[3] The date stamp on the trial court opinion reads "2020 APR 31." However, as there is no April 31, we assume that this date is a clerical error, with someone mistakenly changing the date on the stamp from April 30 to April 31, instead of May 1. Additionally, the date on the accompanying certificate of service is May 1, 2020, and we have chosen to use that date in our reference to the trial court opinion.

[4] Mother, *pro se*, contemporaneously filed a statement of errors complained of on appeal, even though she was represented by counsel. On February 18, 2020, Mother's counsel filed a docketing statement and a supplemental statement of errors complained of on appeal.

On June 2, 2020, Mother's counsel filed an ***Anders*** brief and petition to withdraw and sent the following letter to Mother that stated, in its entirety:

> I am writing to inform you of the following:
>
> 1. I am requesting to withdraw as appellant [*sic*] counsel in the above-referenced case;
>
> 2. I have enclosed a copy of the brief prepared in support of withdraw as counsel;
>
> 3. You have the right to retain new counsel or proceed pro se.

Letter from Claire Leotta, Esquire, to Mother (June 2, 2020). Mother did not file a response to the petition to withdraw.

> When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. Pursuant to ***Anders***, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he/she must do the following:
>
> > (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous;
> >
> > (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and
> >
> > (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or **raise any additional points he deems worthy of this Court's attention**.

***Commonwealth v. Cox***, 2020 PA Super 102, *3 (filed April 22, 2020) (emphasis added) (internal quotation marks and citations omitted) (some additional formatting).

In the current action, counsel did not inform Mother of her right to raise any additional points she deemed worthy of this Court's attention. **Compare** Letter from Claire Leotta, Esquire, to Mother (June 2, 2020) **with Cox**, 2020 PA Super 102 at *3. Accordingly, counsel has failed to comply with the requirements of **Anders** and **Cox**. For this reason, we are constrained to deny counsel's petition to withdraw without prejudice; we order counsel to send a new letter to Mother informing Mother that, in addition to her right to retain new counsel or to proceed *pro se*, Mother has the right to raise any additional points Mother deems worthy of this Court's attention. This new letter must be sent within 30 days of the date of this decision. At that time, counsel may file a new **Anders** brief and petition to withdraw. Mother shall thereafter have the opportunity, if she so chooses, to file her own brief *pro se* or by new counsel whom she retains. Any such brief filed by Mother or her new counsel shall be filed with this Court within 45 days of the date current counsel files her new **Anders** petition and brief. Although DHS sent a letter to this Court stating that it did not intend to file a responsive brief, Letter from Robert D. Aversa, Deputy City Solicitor, to Benjamin Kohler, Deputy Prothonotary (June 25, 2020), if DHS wishes to file a brief in response to any new brief filed on Mother's behalf, it may do so within 30 days of the date that Mother's new brief is filed.

Petition to withdraw denied without prejudice. **Anders** brief stricken. Mother's counsel ordered to send new letter advising Mother of her rights in

- 4 -

light of counsel's petition to withdraw within 30 days of the date of this decision. DHS may file a brief within 30 days of Mother's new brief. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/20