J-S38022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JASON QUAIL | : | |
| | : | |
| Appellant | : | No. 1874 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 30, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001204-2018

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:       **FILED: JANUARY 4, 2021**

Jason Quail appeals the judgment of sentence entered following his convictions for Aggravated Indecent Assault-Forceful Compulsion, Indecent Assault-Forceful Compulsion, and Simple Assault.[1] Counsel has filed an **_Anders_**[2] brief and a petition to withdraw as counsel. We affirm the judgment of sentence and grant counsel's petition.

The trial court aptly summarized the facts of this case as follows:

> The victim, -- testified that while pregnant, she awoke at midnight on June 3, 2018, to her ex-boyfriend, [Quail], angry and screaming. [The victim] testified: "He grabbed me behind my neck and threw me onto the bed by my neck and I was fighting him and trying to get him off of me and

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3125(a)(2), 3126(a)(2), and 2701(a)(3), respectively.

[2] **_Anders v. California_**, 386 U.S. 738 (1967).

he punched me in the eye and then as he was choking me he shoved his hand and started shoving it up my vagina." She graphically detailed that during the assault, [Quail] shoved his hand inside her vagina on approximately five occasions. She indicated that [Quail] thrust four fingers when inserting his hand into her vagina. She testified: "up to his wrist," went inside her vagina, causing her significant pain and causing her to urinate herself. She believed [Quail's] rough actions potentially caused a miscarriage. After the assault, [the victim] responded to Geisinger Medical Center where Officer Richard Bachman interviewed [the victim] and photographed her physical injuries. [The victim] explained each photograph to the jury, including the photographs of popped blood vessels in her neck, eye bruising, and marks on her inner thighs as a result of the strangulation and assault. Officer Bachman testified that he requested [a] female officer to photograph [the victim] because some bruises were located on [the victim]'s inner thighs. Office Bachman corroborated that the photographs fairly and accurately depicted [the victim]'s injuries on June 4, 2018. [The victim] also reported that due to the trauma of the strangulation, she suffered laryngitis for approximately three (3) days.

Relative to the injuries that [the victim] suffered, the Commonwealth presented witness Carena Kelly, a physician's assistant at Geisinger Medical Center, who treated [the victim] on June 4, 2018. Ms. Kelly corroborated bruising and injuries to the victim's inner thighs, neck, and forearm. She performed an external and internal vaginal exam of [the victim]. The examinations revealed no tenderness or injury to the labia or around the vagina. Lastly, Ms. Kelly explained that a lack of vaginal injury does not preclude the occurrence of a sexual assault.

1925(a) Op., filed 5/5/2020, at 2-3 (citation to record omitted).

The jury returned guilty verdicts as referenced above and the trial court sentenced Quail to an aggregate term of six to 12 years' incarceration. Quail filed a post-sentence motion claiming that his sentence was "excessive and

contrary to law." Motion for Reconsideration of Sentence, filed 8/5/19. The trial court denied the motion and Quail filed a timely *pro se* notice of appeal.

In this Court, counsel filed an ***Anders*** brief and a petition to withdraw as counsel. Quail filed a response to counsel's ***Anders*** brief claiming his innocence and challenging the credibility of the testimony of the Commonwealth's witnesses, including the victim. ***See*** *Pro Se* Response to ***Anders*** Brief. Additionally, the trial court filed an opinion concluding that Quail's appellate issue was waived, and even if it was not, it was meritless. ***See*** 1925(a) Op. at 4-8.

As counsel has filed an ***Anders*** brief, we must first address whether counsel has satisfied the procedural requirements under ***Anders***. ***See*** ***Commonwealth v. Cox***, 231 A.3d 1011, 1014 (Pa.Super. 2020). An ***Anders*** brief is filed "when counsel believes an appeal is frivolous and wishes to withdraw from representation[.]" ***Id.*** In such a case, counsel must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa.Super. 2006) (citation omitted).

Additionally, an ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

If counsel has satisfied these requirements, we then must conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1196 (Pa.Super. 2018) (*en banc*) (quoting ***Anders***, 386 U.S. at 744). Should we determine that the appeal is wholly frivolous, we may grant counsel's petition to withdraw. However, "if [this Court] finds any of the legal points arguable on their merits (and therefore not frivolous) [we] must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." ***Id.*** (quoting ***Anders***, 386 U.S. at 744).

Here, counsel has satisfied the procedural requirements of ***Anders***. Counsel filed a petition to withdraw concluding that the appeal is meritless; filed a brief raising potential issues that might support the appeal; and has furnished a copy of the brief to Quail advising him of his right to retain new counsel, proceed *pro se*, or raise additional issues that he deems worthy of our attention.

- 4 -

Counsel's *Anders* brief is also satisfactory. The *Anders* brief contains a summary of the procedural history and facts with citations to the record; references what counsel believes could arguably support the appeal; and provides counsel's conclusion that the appeal is frivolous and gives reasons for such with citations to the record and controlling case law. We now turn to whether this appeal is wholly frivolous.

Counsel has identified in the *Anders* brief one claim challenging the weight of the evidence:

> Whether the verdicts of aggravated indecent assault-forceful compulsion and indecent assault-forceful compulsion were against the weight of the evidence since the medical examination of the complainant performed approximately a day and a half later which included both an external and internal examination of her labia and vagina and vaginal ultrasound did not reveal any injury to her vagina or labia despite her testimony that [Quail] had stuck his entire hand into her vagina at least 4 or 5 times.

*Anders* Br. at 4.

A claim challenging the weight of the evidence must be raised in a post sentence motion or at the sentencing hearing. *See* Pa.R.Crim.P. 607(A)(1)-(3). Failure to do so results in waiver of the claim. *See Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009) (concluding waiver of weight claim where appellant failed to raise issue before trial court pursuant to Pa.R.Crim.P. 607).

Here, Quail filed a post-sentence motion challenging the sentence imposed by the trial court. He argued, "[T]he [s]entence is excessive and

contrary to law." Motion for Reconsideration at ¶3. However, his post-sentence motion did not raise a weight claim, and he did not make any such challenge at the sentencing hearing. As such, the claim is waived for appellate review. **_Sherwood_**, 982 A.2d at 494. Thus, Quail's challenge to the weight of the evidence is frivolous. Furthermore, upon a review of the full record, we discern no non-frivolous issues that Quail could have raised before this Court. Therefore, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/04/2021