J-S30044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER JAMES LYLES | : | |
| | : | |
| Appellant | : | No. 1367 MDA 2020 |

Appeal from the Judgment of Sentence Entered August 10, 2020
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0002937-2018

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED APRIL 01, 2022**

Christopher James Lyles appeals from the judgment of sentence imposed following a jury trial in which he was found guilty of second-degree murder, two counts of burglary, two counts of robbery, one count of conspiracy to commit burglary, and one count of conspiracy to commit robbery.[1] In the aggregate, Lyles received a life sentence in addition to a twelve-year-six-month to forty-year term of incarceration. On appeal, Lyles raises two issues, both designated as challenges to the weight of the evidence utilized in his convictions. However, because Lyles did not raise either weight concern with the trial court, either orally or by way of written motion, he

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 2502(b); 18 Pa.C.S.A. § 3502(a)(1)(i)/18 Pa.C.S.A. § 3502(a)(1)(ii); 18 Pa.C.S.A. § 3701(a)(1)(i)/18 Pa.C.S.A. § 3701(a)(1)(iv); 18 Pa.C.S.A. § 903(a)(1)/18 Pa.C.S.A. § 3502(a)(1)(ii); and 18 Pa.C.S.A. § 903(a)(1)/18 Pa.C.S.A. § 3701(a)(1)(iv), respectively.

foreclosed on the possibility of that court providing him with relief. Accordingly, Lyles has waived review of these claims, and we affirm his judgment of sentence.

Briefly, Lyles was one of four codefendants tried for the murder of Dennis Pitch. After Pitch's brother found Pitch's deceased and bullet-riddled body in Pitch's home, police officers arrived on the scene and noted that the house had appeared to be ransacked. Police were unable to retrieve any DNA evidence or fingerprints, but several 9-millimeter spent bullet casings and one live round of the same caliber were recovered.

Approximately one month later, Pitch's estranged wife noticed a divot in the carpeted master bedroom floor. Ultimately, this divot, after the carpeting was pulled back, would lead to the discovery of sixty-four shotgun pellets in that same vicinity[2], which had not been discovered by police officers during their initial forensic processing of the house.

Through subsequent investigation, which involved interviewing potential witnesses and the scouring of cell phone and tower records, Brandon Bills emerged as a person of interest given the close proximity of his residence to Pitch's house. Bills would later confess to his knowledge of and involvement in Pitch's murder.

Bills testified that he was picked up from his house by Lyles and two others, Kristopher Smith and Michael Baker. Immediately thereafter, the four

---

[2] Most of these pellets would be found through exploration of the bedroom's floor, looking at its underside via the basement.

men drove to a hardware store. While there, Smith and Baker, at a minimum, attempted to burglarize that store. After this event, the four men went on to make two other stops prior to parking at a church, located close to Pitch's house and separated by a wooded area. While parked, Smith conveyed that they were about to rob someone, which resulted in Smith and Baker retrieving guns from the vehicle's trunk.

Lyles, Smith, and Baker then walked into the woods. A short time later, Bills heard gunfire. Lyles, Smith, and Baker then returned to the vehicle and left.

At trial, a prisoner at the same facility where Lyles had been incarcerated prior to his sentencing testified that Lyles knew that Pitch was in possession of cash. Therefore, Lyles went with two others to rob him of that cash. The three men had a shotgun as well as a pistol and were able to gain access to Pitch's house by picking a lock on its back door.

While inside, Lyles physically attacked Pitch, pistol-whipping him in the process. Lyles then directed Smith to shoot Pitch, but was not sure if Smith's gunfire hit Pitch in the leg or if it went into the floor. Lyles then shot Pitch in the head and proceeded to search Pitch's home for money.

In addition to the testimony of Bills and the prisoner, the Commonwealth further employed the use of Lyles's, Smith's, and Baker's cellular locational data on the night Pitch was murdered. Specifically, Lyles's cellular phone data aligned with Bills's testimony insofar as it demonstrated Lyles's proximate location to the murder scene around the time the murder was determined to

have taken place.

After his jury conviction and subsequent sentencing, Lyles filed a post-sentence motion challenging: (1) the sufficiency of the evidence supporting a deadly weapon enhancement; (2) the constitutionality of his sentence; and (3) the discretionary aspects of his sentence. Correspondingly, the court denied all three claims. Lyles then filed a timely notice of appeal. The relevant parties have complied with their obligations under Pennsylvania Rule of Appellate Procedure 1925. As such, this appeal is ripe for review.

On appeal, Lyles presents two questions:

1. Was the verdict against the weight of the evidence where the cellular phone coordinates for Lyles's cellular phone put him too far geographically to be able to be at the crime scene at the time of the murder?

2. Did the evidence relied on to corroborate the testimony of the prisoner violate the incontrovertible physical fact rule, which means that his testimony cannot be accepted?[3]

*See* Appellant's Brief, at 3.

Strangely, the first sentence in Lyles's argument section, while being a correct statement of law, indicates that "[a] *motion* for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Id*., at 16 (citation omitted) (emphasis added).

_____

[3] While not explicitly stated as such, Lyles's second question, too, contends that the verdict was against the weight of the evidence. *See* Appellant's Brief, at 15 ("The verdict was also against the weight of the evidence, specifically that the evidence relied upon to corroborate [the prisoner's] testimony violated the incontrovertible physical fact rule[.]"). Given our ultimate disposition, *infra*, both issues are addressed concurrently.

However, as the trial court illuminated in its opinion: "after an exhaustive review of all seven volumes of the transcript for the jury trial and the sentencing hearing, the [c]ourt cannot find a single instance where [Lyles] moved the [c]ourt for a new trial on the basis that the verdict is against the weight of the evidence." Sur Trial Court Opinion, 4/1/21, at 12-13. In other words, because there is no weight-related motion of record, Lyles clearly disregarded the authority he now cites.[4]

Our rules of criminal procedure establish that a challenge to weight of the evidence *must* be preserved in a post-sentence motion, a written motion prior to sentencing, or an oral motion that precedes sentencing. **See** Pa.R.Crim.P. 607(A)(1-3). Otherwise, if it is not raised with the trial court in any of these formats, it is waived. **See id**., cmt.; **see also Commonwealth v. Cox**, 231 A.3d 1011, 1018 (Pa. Super. 2020) ("An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes a waiver of that claim.") (citation omitted).

Although Lyles filed a post-sentence motion, that motion contains three arguments wholly unrelated to a weight of the evidence assertion. **See generally** Post-sentence Motion, 8/20/20. As a result of this deficiency, we

---

[4] Lyles's brief does not reference any place in the record where he has preserved either weight of the evidence claims. In echoing the trial court's determination, we, too, are unable to find such a motion. The genesis of his weight-based claims appear to be in his statement of errors complained of on appeal.

agree with the lower court that it was "never … afforded the opportunity to review and rule upon the specific weight of the evidence issues [Lyles] raises on this appeal[.]" Sur Trial Court Opinion, 4/1/21, at 13; **see also Commonwealth v. Wilson**, 825 A.2d 710, 714 (Pa. Super. 2003) ("A challenge to the weight of the evidence must first be raised in the trial court in order for it to be the subject of appellate review.") (citation omitted). Consequently, Lyles has waived review of his issues, and we are constrained to affirm his judgment of sentence.[5]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/01/2022

---

[5] Even if Lyles had properly preserved his claims, we would have agreed with the trial court's conclusion that each contention lacked merit. **See** Sur Trial Court Opinion, 4/1/21, at 13-17.