J-A14024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OFPENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AMANDA MARY POTSKO | |
| Appellant | No. 1079 MDA 2021 |

Appeal from the Judgment of Sentence July 13, 2021
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0002070-2020

BEFORE:  BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED: SEPTEMBER 20, 2022**

Appellant, Amanda Mary Potsko, appeals from the July 13, 2021 judgment of sentence imposing six months of probation for DUI—highest rate of alcohol (75 Pa.C.S.A. § 3802(c)).  We affirm.

The trial court recited the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> On March 8, 2020, at approximately 1:33 a.m., Trooper Keith Roman (hereinafter "Trooper Roman") was traveling east on the Sans Souci Parkway in Hanover Township when he observed a silver Honda Accord, driven by [Appellant], traveling in the same direction, in front of him.  Trooper Roman followed [Appellant], noticing that the vehicle was swerving, had difficulty maintaining its lane, crossed over the lane dividers several times, traveled in the oncoming lane of traffic, and traveled in both lanes of traffic on the double yellow lane divider.  Based on the erratic driving, Trooper Roman activated his emergency lights and sirens and pulled [Appellant] over.  Once [Appellant] was pulled over,

---

[*] Former Justice specially assigned to the Superior Court.

Trooper Roman made contact with [Appellant], and observed that she had glassy, bloodshot eyes; slow, slurred speech; sluggish action; and smelled a strong odor of alcohol coming from her.

Based on Trooper Roman's observations of [Appellant], he decided to conduct field sobriety tests, which consisted of the horizontal gaze nystagmus test (hereinafter "HGN test"), walk and turn test, and the one-legged stand test. Trooper Roman found six indicators present for the HGN test, and several indicators present for both the walk and turn and one-legged stand tests. Trooper Roman also noticed that [Appellant] had a hard time concentrating on multiple tasks at once, following directions, and completing the tests. At the conclusion of the tests, Trooper Roman determined that [Appellant] was under the influence, placed her under arrest for suspicion of DUI, and transported her to PSP Wyoming. At PSP Wyoming, Trooper Roman read the DL-26A form to [Appellant], after which, [Appellant] signed the form. Trooper Michael O'Boyle (hereinafter "Trooper O'Boyle") subsequently had [Appellant] take the BAC test between 3:14 to 3:19 a.m. on March 8, 2020. The result of [Appellant's] BAC test was 0.164 percent.

[Appellant] also testified that she was at a restaurant called "Six String Saloon" on the Sans Souci Parkway for eight hours, arriving at 5:30 p.m. on March 7, 2020, and leaving at approximately 1:30 a.m. on March 8, 2020. During her eight hours at the restaurant, [Appellant] claims she consumed three drinks: a vodka and cranberry with dinner, and one or two beers. While she was dancing at the restaurant, an intoxicated patron dropped her and spilled beer on her. [Appellant] stated she had bloodshot and glassy eyes because she was crying about her ex-husband.

Trial Court Opinion, 10/19/21, at 1-2.

At the conclusion of a May 26, 2021 bench trial, the trial court found Appellant guilty of the aforementioned DUI offense as well as general impairment under § 3802(a)(1) of the Vehicle Code. The latter merged for sentencing purposes. This timely appeal followed.

Appellant presents four questions:

1. Whether the trial court improperly admitted into evidence and then relied in error upon responding Trooper Roman's pretext for conducting the traffic stop which resulted in the arrest and conviction of Appellant?

2. Whether the Court erred in not ruling that the evidence was insufficient as a matter of law to establish [Appellant's] guilt beyond a reasonable doubt on the charges?

3. Whether the Court erred and/or abused its discretion in finding [Appellant] guilty of the criminal charges because the Court's verdict was based on insufficient evidence and/or was against the weight of the evidence?

4. Whether the evidence submitted at trial by the Commonwealth was insufficient as a matter of law to establish [Appellant's] guilt beyond a reasonable doubt on the charges?

Appellant's Brief at 4.

First, Appellant argues that Trooper Roman's stop of her vehicle was pretextual. We observe that Appellant did not file a pretrial motion to suppress evidence gathered during the traffic stop. Rather, Appellant argues the trial court erred in admitting into evidence certain portions of Trooper Roman's account of the stop. Appellant's Brief at 18-19. Appellant however lodged no objections during Trooper Roman's direct testimony on this topic. N.T. Trial, 5/26/21, at 7-8. Instead, defense counsel cross examined him at length on his observations, apparently challenging his credibility. *Id.* at 16-30. Thus, the record fails to reflect that Appellant raised her first issue at trial. The Rules of Appellate Procedure prohibit raising an issue for the first time on appeal. Pa.R.A.P. 302(a); *See Commonwealth v. Arrington*, 86 A.3d 831, 849 (Pa. 2014) (noting that failure to lodge an appropriate objection

during trial results in waiver of the issue on appeal); *cert. denied*, 574 U.S. 994 (2014). Appellant has waived her first argument.

Appellant's three remaining assertions of error challenge the weight and sufficiency of the evidence in support of her convictions. We will consider Appellant's sufficiency claim but find that her weight claim is waived.[1]

Our standard for reviewing the sufficiency of the evidence is *de novo*; our scope of review is plenary. *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013), *cert. denied*, 135 S. Ct. 145 (2014). We must determine, whether the evidence admitted at trial, considered in a light most favorable to the Commonwealth as verdict winner, enabled the fact finder to find beyond a reasonable doubt that the Commonwealth proved each element of offenses for which the fact finder returned a conviction. *Commonwealth v. Slocum*, 86 A.3d 272, 275-76 (Pa. Super. 2014).

In substance, Appellant notes that "Trooper Roman did not explain how he knew Appellant's speech was slurred since he had never heard her speak before." Appellant's Brief at 21. Thus, according to Appellant, there was no sufficient evidence to support a finding that Appellant was incapable of safe driving because "[t]he claimed [sic] of slurred speech from someone the

---

[1] Appellant failed to preserve her weight of the evidence challenge in a post-trial or post-sentence motion in accord with Pa.R.Crim.P. 607. Therefore, she has waived that argument. *See Commonwealth v. Cox*, 231 A.3d 1011, 1018 (Pa. Super. 2020) (noting that failure to comply with Rule 607 results in waiver).

responding officer had never met before is not evidence." Appellant's Brief at 22. Thus, Appellant's argument appears to be limited to her conviction under § 7802(a):

> **(a) General impairment.--**
>
> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

Nowhere does Appellant cite any law that says a police officer's observation of slurred speech is "not evidence" unless the officer has prior observations of that person's speech. Nor does she explain why a trained officer should be deemed unable to recognize slurred speech absent prior observations of the suspect's speech. Such a rule would leave few or no cases in which a police officer could testify that a person suspected of drunk driving was slurring his or her words. Furthermore, Appellant's argument fails to account for the numerous other ways, set forth above, in which Trooper Roman's field sobriety tests revealed evidence of Appellant's intoxication. *See Commonwealth v. Mobley*, 14 A.3d 887, 890 (Pa. Super. 2011) (holding that the defendant's failure of field sobriety tests was provided sufficient evidence for his conviction under § 3802(a)). Appellant's sufficiency of the evidence argument fails.

In summary, each of Appellant's arguments is waived and/or lacking in merit. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2022