J-S40038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYRONE L. MCKINNEY JR. | : | |
| | : | |
| Appellant | : | No. 1028 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 18, 2022
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000025-2021

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.:                                  **FILED JULY 27, 2023**

Appellant, Tyrone L. McKinney, Jr., appeals from the judgment of sentence entered in the Monroe County Court of Common Pleas, following his bench trial conviction for driving under the influence—general impairment/incapable of safely driving ("DUI").[1] We affirm.

The relevant facts and procedural history of this case are as follows. In the early morning hours on January 19, 2021, Officer Ralphie Ortega conducted a traffic stop of Appellant's vehicle because the brake light was inoperable. Appellant was driving the vehicle. When he approached the car, Officer Ortega detected a strong odor of marijuana and alcohol, and he observed Appellant making furtive movements. When Appellant failed to

_____

[1] 75 Pa.C.S.A. § 3802(a)(1).

comply with Officer Ortega's order to stop moving, Officer Ortega asked Appellant to step out of the vehicle. As Appellant exited the vehicle, Officer Ortega observed that Appellant moved sluggishly and reacted slowly to his directions. In closer proximity to Appellant, Officer Ortega noted that Appellant had bloodshot and glassy eyes and the smell of alcohol was emanating from Appellant's breath. Appellant told Officer Ortega that he was coming from a bar and Officer Ortega found two open cups with alcoholic beverages in the center console of Appellant's vehicle.

Officer Ortega further noted that Appellant exhibited signs of impairment during field sobriety tests. Specifically, although Appellant was able to complete the "stand on one leg" test, he missed a few steps and provided an improper turn during the "walk-and-turn" test. Appellant refused to submit to a blood test. Based on his years of experience and the signs of impairment he observed, Officer Ortega concluded that Appellant was impaired and incapable of safely operating a vehicle.

On January 4, 2022, following a bench trial, the trial court convicted Appellant of DUI. The court sentenced Appellant on March 18, 2022, to not less than five days nor more than six months' incarceration, with time credit of 28 days for completing inpatient rehabilitation. On April 18, 2022, Appellant filed a timely notice of appeal. That same day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied on May 9, 2022.

Appellant now raises two issues for our review:

Did the trial court abuse its discretion by finding Appellant guilty as to [DUI]-General Impairment, were there was sufficient evidence to convict [Appellant] of the crime, in that the Commonwealth failed to prove an element of the crime that Appellant was rendered incapable of safely driving when Appellant was stopped for an inoperable brake light and not a driving violation and there was no evidence of bad driving?

Did the trial court abuse its discretion by finding Appellant guilty as to [DUI]-General Impairment, in that it was against the weight of the evidence to convict [Appellant] of the crime, in that the Commonwealth failed to prove an element of the crime that [Appellant] was rendered incapable of safely driving when [Appellant] was stopped for an inoperable brake light and not a driving violation and there was no evidence of bad driving?

(Appellant's Brief at 6).

In his issues combined, Appellant argues that the evidence presented did not establish beyond a reasonable doubt that he was unable to safely drive his vehicle. Appellant emphasizes that Officer Ortega conducted a traffic stop because Appellant's brake light was inoperable, not because Appellant drove erratically or haphazardly. Appellant claims that when Officer Ortega initiated his lights, Appellant pulled over right away and complied with Officer Ortega's orders. Appellant states that he successfully completed the "stand on one leg" test, demonstrating his control over his mental faculties at the time he was pulled over. Appellant further argues that the fact that he missed a few steps and failed to complete a turn during the "walk and turn" test does not establish that he was incapable of operating a vehicle safely. For these reasons,

Appellant contends that the Commonwealth failed to present sufficient evidence to demonstrate he was unable to safely operate his vehicle to sustain his DUI conviction.

Appellant further argues that Officer Ortega's testimony that Appellant was impaired such that he was unable to operate his vehicle safely is not credible based on the circumstances surrounding the traffic stop. Appellant asserts that Officer Ortega acknowledged that Appellant did not demonstrate common signs of impairment such as erratic driving, slurred speech, or the inability to stand. Appellant notes that Officer Ortega confirmed that Appellant successfully completed one of the field sobriety tests he administered. Appellant further argues that the "walk-and-turn" test is approximately 68% accurate, and Appellant's failure to perform that test successfully is not enough on its own to conclude Appellant was impaired. Appellant concludes that the Commonwealth failed to present sufficient evidence to sustain his DUI conviction, that the verdict was against the weight of the evidence, and this Court must grant relief. We disagree.

When examining a challenge to the sufficiency of the evidence, our standard of review is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the

Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Jones**, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

**Commonwealth v. Bullick**, 830 A.2d 998, 1000 (Pa.Super. 2003)).

Additionally:

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.

Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

**Commonwealth v. Champney**, 574 Pa. 435, 444, 832 A.2d 403, 408

(2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004)

(internal citations omitted).

The Motor Vehicle Code defines the offense of DUI—general impairment

as follows:

**§ 3802. Driving under influence of alcohol or controlled substance**

(a) General impairment.—

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1). "Subsection (a)(1) is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving." **Commonwealth v. Loeper**, 541 Pa. 393, 402-03, 663 A.2d 669, 673-74 (1995). Further:

The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary….

**Commonwealth v. Segida**, 604 Pa. 103, 115-16, 985 A.2d 871, 879 (2009).

Additionally, "[e]vidence of erratic driving is not a necessary precursor to a finding of guilt under the relevant statute." **Commonwealth. v. Mobley**, 14 A.3d 887, 890 (Pa.Super. 2011). "Evidence that the driver was not in control of himself, such as failing to pass a field sobriety test, may establish that the driver was under the influence of alcohol to a degree which rendered

- 6 -

him incapable of safe driving, notwithstanding the absence of evidence of erratic or unsafe driving." ***Commonwealth v. Palmer***, 751 A.2d 223 (Pa.Super. 2000).

Instantly, the trial court found that the Commonwealth presented sufficient evidence to demonstrate that Appellant was impaired such that he was incapable of operating a vehicle safely. Officer Ortega testified that he observed several signs of impairment. Specifically, he noted that Appellant appeared sluggish, had bloodshot and glassy eyes, and was slow to respond to his directions. Further, Officer Ortega testified that Appellant stated that he was coming from a bar, had two open cups of alcoholic beverages in his car, and a strong odor of alcohol was emanating from Appellant's breath. Appellant was also unable to successfully complete the "walk and turn" field sobriety test. Viewed in the light most favorable to the Commonwealth as verdict winner, we discern no error in the court's determination that there was sufficient evidence to support Appellant's DUI conviction. ***See Segida, supra***; ***Jones, supra***; ***Palmer, supra***.

Regarding Appellant's challenge to the weight of the evidence, we note that Appellant did not raise his weight claim before the trial court orally or by written motion prior to sentencing or in a post-sentence motion. Accordingly, Appellant has waived this issue. ***See*** Pa.R.Crim.P. 607 (stating: "A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before

sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion"). **See also Commonwealth v. Cox**, 231 A.3d 1011, 1018 (Pa.Super. 2020) (reiterating: "An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim").

Even if Appellant had properly preserved his weight claim, Appellant's argument would not merit relief. The court credited Officer Ortega's testimony that Appellant was impaired while operating his vehicle. Although Appellant was able to successfully complete the "stand on one leg" test, Officer Ortega noted several other indica of intoxication such as a strong odor of alcohol emanating from Appellant, bloodshot, glassy eyes, slow and sluggish reactions and the inability to complete the "walk and turn" test. Officer Ortega also testified to surrounding circumstances that indicated that Appellant had recently consumed alcohol such as Appellant's statement that he was coming from a bar and the presence of two open cups in his vehicle containing alcoholic beverages. The record supports the court's finding, and we see no reason to disturb the court's credibility determination. **See Champney, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/27/2023*