J-S35032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 :   PENNSYLVANIA
 :
    v. :
 :
 :
JOSEPH PAUL RITCHIE :
 :
    Appellant : No. 296 MDA 2021

Appeal from the Judgment of Sentence Entered October 1, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001442-2019

BEFORE:  OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:   **FILED: JANUARY 5, 2022**

Joseph Paul Ritchie (Ritchie) appeals *nunc pro tunc* from the judgment of sentence imposed by the Court of Common Pleas of Luzerne County (trial court) following his bench conviction of DUI — general impairment (second offense), driving with a suspended license (DUS) and related summary traffic offenses.[1]  Counsel for Ritchie has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and a petition for leave to withdraw as counsel.  The ***Anders*** brief challenges the sufficiency of the evidence supporting the DUI conviction. We grant the petition to withdraw and affirm the judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(a)(1) and 1543(b)(1).

**I.**

**A.**

This case arises from a November 27, 2018 traffic stop conducted by Police Officers Isaac Troutman and Jennifer Dempsey of the Wilkes-Barre Township Police Department. Officer Troutman initiated the stop after he observed Ritchie drive his vehicle at a high rate speed in an erratic manner and he arrested Ritchie on suspicion of DUI.

In July 2019, Ritchie filed an omnibus pretrial motion seeking suppression of the evidence contending that the traffic stop was illegal because it was not supported by probable cause. At the August 27, 2019 suppression hearing, Officers Troutman and Dempsey testified on behalf of the Commonwealth regarding the circumstances of the stop and arrest.[2] Officer Troutman recounted that he was on routine patrol and had stopped at a red light at about 1:32 a.m. when he observed Ritchie's vehicle pass by him at a high rate of speed in a 35 mile-per-hour (mph) zone, revving his engine. Officer Troutman immediately followed the vehicle and "observed several violations, which were roadways laned for travel, failure to maintain the fog line, failure to use a turn signal when exiting [the] off ramp and failed to stop and use turn signal again when turning right onto [the adjacent] street." (N.T.

---

[2] The defense did not call any witnesses at the hearing. The transcript from the suppression hearing was incorporated into the trial record by stipulation of the parties.

Suppression, 8/27/19, at 7-8). The officer explained that he observed Ritchie's vehicle cross the fog and double yellow lines two or three times and drive through a stop sign without using a turn signal. When Officer Troutman effectuated the traffic stop, Ritchie parked his vehicle "half on the road and half on the sidewalk." (*Id.* at 9). On cross-examination, Officer Troutman acknowledged that he did not know the exact speed at which Ritchie's car was travelling when he passed the patrol vehicle.

Officer Dempsey was parked in a lot directly across from where Officer Troutman was located when she "heard a revving engine coming from the north . . . And when I went to look to see the vehicle coming, because you could hear it, it flew past both of us at a high rate of speed . . . that was completely unsafe and not prudent for the intersection in the area." (*Id.* at 15). She followed Officer Troutman's patrol car and observed Ritchie's vehicle weave, fail to stop at a stop sign and stop half on the roadway and half on the sidewalk when Officer Troutman initiated the traffic stop.

Officer Dempsey testified that she is certified in field sobriety testing and instruction and that she attempted to administer field tests to Ritchie, who smelled strongly of alcohol to the extent that "you could smell alcohol coming from his orifices; his face, his mouth, his clothing, the car." (*Id.* at 19). Ritchie's demeanor was aggressive and his responses "shaky and unsteady." (*Id.* at 17). Although the area where Officer Dempsey attempted to conduct sobriety testing was well-lit and appropriate, Ritchie complained

about the location and about the contact lens in his eye. Ritchie "could not maintain his balance [or] demeanor. He was erratic with his behavior, aggressive." (*Id.* at 18). Ritchie informed the officers that he had three beers that night and Officer Dempsey noticed that his eye was twitching. Because Ritchie's behavior signaled a safety issue to the officers, they asked him to consent to a blood draw. Ritchie refused to consent. On cross-examination, Officer Dempsey acknowledged that she did not know the speed at which Ritchie was traveling before the stop and that no chemical test of any sort was performed on him. The trial court denied the motion to suppress at the conclusion of the hearing.

**B.**

At Ritchie's December 3, 2019 bench trial, the Commonwealth called Officers Troutman and Dempsey as witnesses and Ritchie testified on his own behalf. Officer Troutman recounted that he observed Officer Dempsey's field sobriety test instructions and described Ritchie as "very erratic and belligerent. He was not cooperating with Officer Dempsey's verbal command." (N.T. Trial, 12/03/19, at 4). Because of this, none of the tests were completed. Ritchie "was mad, sad, like any normal intoxicated person that I've been around." (*Id.* at 6). Ritchie told the officers that he drank three beers that night and that he was coming from his brother's home when they pulled him over.

Officer Dempsey testified that when Ritchie initially exited his vehicle, he held onto the door and could not maintain his balance. His gait was unsteady and "he was basically all over the place. . . He was aggressive, unstable, going back and forth . . . with his emotions, was unable to contain himself." (*Id.* at 9-10). Ritchie remained uncooperative when transported to the hospital, refused chemical testing and "couldn't keep his memory steady on what was going on." (*Id.* at 11). Officer Dempsey opined based on her training and experience that she "would 100 percent say" that Ritchie was driving under the influence of alcohol. She clarified on cross-examination that it was unsafe for Ritchie to complete the field sobriety testing "because he couldn't maintain his balance and stability which when you're doing the testing, that is all part of the testing. So just by him not being able to maintain his stability and balance . . . that's what was unsafe. I couldn't have him tripping over himself and falling on the floor." (*Id.* at 15).

Ritchie testified that he "went out earlier and played pool with my father and then went home, went to sleep, and then got up at 1, got pulled over at 1:30." (*Id.* at 16). He averred that he drank three bottles of Miller Light from 7:00 to 10:00 p.m. and that he went to sleep at his father's house, where his brother also resides. On cross-examination, he stated that he was driving home when the officers pulled him over and averred that he was not travelling at an unsafe speed and was able to perform field sobriety tests. Ritchie acknowledged that he was "very, very angry" because the officers pulled him

over and "didn't listen to [him] at all." (*Id*. at 18-19).  He refused blood testing because he does not like needles.

The trial court, after considering the evidence presented at trial and reviewing the suppression transcript, found Ritchie guilty of the above-mentioned offenses.  On October 1, 2020, the court imposed a sentence of six months of restricted probation for the DUI conviction, with the first 15 days to be served on house arrest/electronic monitoring, followed by a consecutive term of 60 days' house arrest for the DUS offense.  Ritchie timely appealed and he and the trial court complied with Rule 1925.  *See* Pa.R.A.P. 1925(a)-(b).  In its opinion, the court rejected Ritchie's claim challenging the sufficiency of the evidence to sustain his DUI conviction.  It expressly "found the testimony presented by Officer Troutman and Officer Dempsey at the hearings to be credible and did not find the Defendant credible."  (Trial Court Opinion, 11/18/20, at 7).

After this Court dismissed Ritchie's appeal for failure to file a docketing statement, he successfully sought reinstatement of his appellate rights *nunc pro tunc*.  *See* Pa.R.A.P. 3517.  This timely appeal followed.  Counsel for Ritchie filed an application to withdraw as counsel and an **Anders** brief with this Court in September 2021.

**II.**

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Cox*, 231 A.3d 1011, 1014 (Pa. Super. 2020) (citation omitted). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel is required to: "(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention." *Id.* at 1015.

Regarding the substantive requirements for the contents of an *Anders* Brief, our Supreme Court explained in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009) that the brief must: "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous." *Santiago*, *supra* at 361. "Counsel should articulate the relevant facts of record, controlling case law and/or statutes on point that have led to the conclusion that the appeal is

frivolous." *Id*. Once counsel has satisfied the *Anders* requirements, it is then our responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (citation omitted).

Instantly, counsel has complied with the requirements of *Anders*. Counsel indicated that he conscientiously examined the record and determined that an appeal would be frivolous. (*See* Application to Withdraw as Counsel, 9/01/21, at 2-3). Further, counsel's *Anders* brief complies with the requirements set forth in *Santiago*. (*See Anders* Brief, at 3-16). Finally, the record includes a copy of the letter that counsel sent to Ritchie advising him of his right to proceed *pro se* or retain alternate counsel to file additional claims and stating counsel's intention to seek permission to withdraw. (*See* Letter from Robert M. Buttner, Esq. to Ritchie, 9/01/21). Because counsel has fulfilled the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether this appeal is wholly frivolous.

**III.**

The *Anders* brief raises one issue challenging the sufficiency of evidence supporting Ritchie's DUI conviction. Ritchie contends that the Commonwealth failed to establish his guilt beyond a reasonable doubt because the evidence

- 8 -

did not demonstrate that he was substantially impaired or incapable of safely operating his vehicle.  (**See Anders** Brief, at 10, 12).[3]

The offense of DUI — general impairment provides that "an individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle."  75 Pa.C.S. § 3802(a)(1).  "The Commonwealth must establish that the defendant (1) was operating a motor vehicle (2) after imbibing a sufficient amount of alcohol such that he was

_____

3

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Banks**, 253 A.3d 768, 774 (Pa. Super. 2021), *appeal denied*, 2021 WL 5504272 (Pa. filed Nov. 24, 2021).

rendered incapable of safely operating the motor vehicle." ***Commonwealth v. Clemens***, 242 A.3d 659, 665 (Pa. Super. 2020).

> To prove a person is incapable of driving safely, the Commonwealth must prove that alcohol has substantially impaired the normal mental and physical faculties required to operate the vehicle safely; substantial impairment means a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions. The meaning of substantial impairment is not limited to some extreme condition of disability. Section 3802(a)(1), like its predecessor, is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving.

***Id.*** (citation omitted).

Here, the Commonwealth presented sufficient evidence to support Ritchie's DUI conviction. Officers Troutman and Dempsey both testified that they observed Ritchie drive his vehicle erratically at a high rate of speed in a 35 mph zone. Ritchie had difficulty exiting his car and used his car door for support. The officers also testified to his aggressive and uncooperative demeanor throughout the incident, and he admitted that he had been "very, very angry" that they stopped him. Officer Dempsey eventually gave up on completing the field sobriety tests because Ritchie was "all over the place" with his behavior and she believed, based on her experience in conducting and instructing on such testing, that continuing was a safety issue as she did not want to risk him falling and injuring himself. Ritchie refused to submit to a blood test and exhibited signs of inebriation that both officers recognized as intoxication to the point where they could detect the odor of alcohol emanating

from his orifices, clothing and car. In short, there was more than sufficient indicia that Ritchie was intoxicated to a degree that rendered him unable to drive safely, and the record fully supports a finding, beyond a reasonable doubt, that he was operating a motor vehicle after imbibing an amount of alcohol that made it unsafe for him to do so.

Finally, as required by **Anders**, we have independently reviewed the record, which discloses no other non-frivolous issues that Ritchie could raise that his counsel overlooked. **See Dempster**, **supra** at 272. Having concluded that there are no meritorious issues, we grant counsel's petition to withdraw and affirm Ritchie's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/05/2022

- 11 -