J-A27019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COREY A. HOLLINGER | : | |
| | : | |
| Appellant | : | No. 581 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 17, 2023
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000396-1987

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED: FEBRUARY 26, 2024**

Appellant Corey A. Hollinger appeals from the judgment of sentence imposed after he was re-sentenced for one count of first-degree murder[1] in accordance with ***Miller v. Alabama***, 567 U.S. 460 (2012), and ***Montgomery v. Louisiana***, 577 U.S. 190 (2016).   Appellant frames his appeal as a challenge to both the legality and the discretionary aspect of his sentence. We affirm.

The trial court set forth the following factual and procedural history:

In May, 1987, [Appellant] absconded from the fourth juvenile placement facility in which he had been housed.  He returned to his home, picked up his younger brother to accompany him and went on a crime spree; consisting of multiple burglaries, including the theft of two (2) firearms and ammunition.  The last piece of [Appellant's] plan was a getaway car.  Albert Swalm lived next

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(a).

door to the second burglarized residence. [Appellant] and his brother had noticed Mr. Swalm and his car in the driveway. [Appellant] and his brother entered the Swalm home under the pretense of needing to use the phone. Ultimately, Mr. Swalm was shot twice with one of the stolen firearms. [Appellant] yanked the phone out of the wall so he couldn't call for help, took the car keys from the kitchen table and left the victim to die. [Appellant] led police on a high speed chase in the stolen vehicle. The actions of [Appellant] that day culminated with the death of Albert Swalm []. [Appellant] was sixteen (16) years old at the time. Everything went according to his plan, with the exception of getting caught.

On May 9, 1987 a criminal complaint was filed charging [Appellant] with criminal homicide. On May 12, 1987 a second criminal complaint was filed charging [Appellant] with burglary, robbery, criminal conspiracy to commit murder and theft by unlawful taking. Ultimately an amended criminal information was flied which included one (1) count of criminal homicide, one (1) count of conspiracy to commit criminal homicide, three (3) counts of burglary, one (1) count of robbery, one (1) count of theft by unlawful taking and one (1) count of criminal attempt to commit burglary.

On October 12, 1987, [Appellant] entered a counseled guilty plea [to] all counts with the exception of criminal attempt to commit burglary. The plea agreement indicated all sentences on all other charges would be run concurrently with the sentence imposed on Count 1 – criminal homicide. On November 25, 1987, [Appellant] was sentenced . . .

\* \* \*

Accordingly, [Appellant] was sentenced pursuant to the plea agreement. At the time of [Appellant's] original sentencing, pursuant to the then-applicable mandatory sentence for first-degree murder, which also applied to juveniles[, Appellant] was sentenced to life imprisonment without the possibility of parole.

Recently, the United States Supreme Court has addressed a number of Eighth Amendment cases applying the cruel and unusual punishment clause, specifically with regard to minors. The Supreme Court consistently has held that sentencing an offender who was under eighteen years old at the time of the crime raises special constitutional considerations. Specifically, **Miller v. Alabama**, 567 U.S. 460 (2012), prohibited mandatory life sentences for juvenile homicide offenders. **Montgomery v.**

*Louisiana*, 577 U.S. 190 (2016), held *Miller* applied retroactively to cases on collateral appeal. As a result of *Miller* and its progeny, [Appellant] was entitled to resentencing on Count 1 of the 1987 offense.

On January 18, 2023 an evidentiary hearing was held at which time both the Commonwealth and [Appellant] presented testimony in support of their respective positions regarding an appropriate sentence for [Appellant]. In addition to the testimony presented, both the Commonwealth and [Appellant] submitted documentary evidence to be considered. On March 17, 2023, [Appellant] was sentenced [to fifty years to life imprisonment]. The sentence was directed to run from May 6, 1987 and [Appellant] was awarded credit for 35 years, 10 months and 9 days. In addition, it was indicated that [Appellant] was not RRRI eligible.

Trial Ct. Op., 6/7/23, at 1-4 (formatting altered).

Appellant did not file any post-sentence motions. On April 12, 2023, Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court subsequently issued a Rule 1925(a) opinion addressing Appellant's claims.

Appellant raises the following issues for our review:

1. Did the sentencing court commit legal error by failing completely to consider [Appellant's] age-related characteristics as required by the Constitution and in contravention of the intention, purpose, and direction of *Miller v. Alabama*, 567 U.S. 460 (2012), and *Commonwealth v. Felder*, 269 A.3d 1232 (Pa. 2022)?

2. In the alternative, did the sentencing court abuse its discretion by not considering the constitutionally required age-related characteristics of [Appellant] in contravention of *Miller*, *Felder*[,] and 18 Pa.C.S. § 1102.1 and misconstruing pertinent documents and evidence, and ignoring others, leading to a sentence unsupported by the evidence?

Appellant's Brief at 2-3.

- 3 -

In his first issue, Appellant contends that the trial court erred when it failed to consider Appellant's age at the time of the crime as a mitigating factor when it imposed sentence. *Id.* at 22. Appellant further argues that this failure resulted in the trial court imposing an illegal sentence pursuant to *Miller* and *Felder*. *Id.* at 28. Specifically, Appellant alleges that the trial court "did not merely abuse its discretion [], it imposed an illegal sentence by disregarding the requirements of *Miller* and *Felder* and their command to consider the mitigating qualities of youth." *Id.* at 29 (some formatting altered).

Initially, we must determine whether Appellant's claims implicate the legality or the discretionary aspects of his sentence. In *Commonwealth v. Schroat*, 272 A.3d 523 (Pa. Super. 2022), the defendant appealed from a judgment of sentence re-sentencing him to life imprisonment without the possibility of parole for a first-degree murder that the defendant committed while he was a juvenile. *Schroat*, 272 A.3d at 525. On appeal, the defendant claimed that the trial court imposed an illegal sentence because the trial court did not adequately consider his age, diminished capacity, immaturity, childhood trauma, or the evidence that the defendant had matured and experienced rehabilitation during his incarceration. *Id.* at 526.

In concluding that the defendant's claim implicated the discretionary aspects of his sentence, the *Schroat* Court explained:

> Recently in *Commonwealth v. Felder*, 269 A.3d 1232 (Pa. 2022), our Supreme Court acknowledged that the [United States] Supreme Court has concluded that "a separate factual finding of permanent incorrigibility is not required before a sentencer imposes a life-without-parole sentence" on a juvenile offender

convicted of first-degree murder. [**Felder**, 269 A.3d at 1242] (quoting **Jones v. Mississippi**, [593 U.S. 98], 141 S.Ct. 1307, 1318-19 (2021). Thus, when reviewing the legality of a sentencing court's imposition of [life without parole] on a juvenile offender, we focus on whether the statutory sentencing scheme provides the sentencing court with the "discretion to consider the mitigating qualities of youth and impose a lesser punishment." **Felder**, [269 A.3d at 1243] (citing **Jones**, 141 S.Ct. at 1314). Appellate review of the adequacy of a resentencing court's consideration of factors attendant to the defendant's youth, such as age, culpability, immaturity, childhood trauma, and whether the defendant is permanently incorrigible, **involves the review of the discretionary aspects of sentence**.[fn2] **Commonwealth v. DeJesus**, 266 A.3d 49, 54 (Pa. Super. 2021) (*en banc*).

> [fn2] We note that when sentencing juveniles convicted of first- or second-degree murder after June 24, 2012, the court is required to consider several specifically enumerated sentencing factors, including seven "age-related characteristics[.]" 18 Pa.C.S. § 1102.1(d). Since [the defendant] committed first-degree murder before June 24, 2012, the court considers these factors as "guidance" which is "non-binding[.]" **Felder**, [269 A.3d at 1245] n.15.

**Id.** at 526 (emphasis added).

In the instant case, Appellant committed the murder prior to June 24, 2012. Accordingly, the age-related characteristics set forth in Section 1102.1 of the Crimes Code served as non-binding guidance for the trial court. **See id.** (citing **Felder**, 269 A.3d at 1245 n.15). Therefore, Appellant's first issue is a challenge to the discretionary aspects of his sentence. **See id.**

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted and formatting altered). Before reaching the merits of such claims, we must first determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

**Commonwealth v. Corley**, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." **Commonwealth v. Malovich**, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); **see also** Pa.R.A.P. 302(a); **Commonwealth v. Watson**, 228 A.3d 928, 935 (Pa. Super. 2020) (explaining that absent the filing a post-sentence motion, objections must be raised at the sentencing hearing; otherwise, the issue is waived on appeal).

Here, as noted previously, Appellant did not file a post-sentence motion. Further, the record reflects that although Appellant's counsel made argument before the trial court imposed his sentence, he did not raise an objection to the trial court's sentence after it was imposed. **See** N.T. Re-sentencing Hr'g, 3/17/23, at 21-26. Accordingly, we are constrained to find Appellant's sentencing claim waived. **See Watson**, 228 A.3d at 935; **Corley**, 31 A.3d at 296; **Malovich**, 903 A.2d at 1251.

In his remaining claim, Appellant contends that the trial court "abused its discretion by misconstruing the evidence related to [Appellant's] mental

health programming and failing to adequately consider [Appellant's] youth characteristics." Appellant's Brief at 30. This claim implicates the discretionary aspects of Appellant's sentence. *See Commonwealth v. Raven*, 97 A.3d 1244, 1252-53 (Pa. Super. 2014) (recognizing that a regarding the trial court's consideration of mitigating factors is a challenge to the discretionary aspects of sentence). For the reasons set forth above, Appellant has failed to preserve this issue for appellate review and his claim is therefore waived. Even if Appellant's claims concerning the trial court's lack of consideration of age-related characteristics and mitigating factors were not waived, we would affirm the judgment of sentence based on the trial court's opinion. Accordingly, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 02/26/2024