J-S31008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT S. FLOYD | : | |
| | : | |
| Appellant | : | No. 275 EDA 2025 |

Appeal from the Judgment of Sentence Entered August 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006056-2021

BEFORE:  PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED OCTOBER 15, 2025**

Robert S. Floyd appeals from the judgment of sentence, an aggregate term of 14 years and 9 months to 40 years of incarceration followed by 3 years of reporting probation, entered in the Court of Common Pleas of Philadelphia County after he was convicted of rape by forcible compulsion, involuntary deviate sexual intercourse ("IDSI") with a person less than 16 years of age, unlawful contact with a minor, endangering welfare of children ("EWOC"), and corruption of minors[1] at a jury trial. We affirm.

Due to our disposition, we include only the following facts and procedural history as accurately summarized by the trial court:

Floyd repeatedly raped his stepdaughter, L.P., over the course of approximately two years. … [Floyd] would perform oral sex on

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(7), 6318(a)(1), 4304(a)(1), 6301(a)(1)(ii).

[L.P.] and then put his penis in her vagina. Less frequently, he would put his penis in her anus. …

…. In one instance, he attempted to have L.P. perform oral sex on him …, but he stopped because she began crying. … [] Floyd told L.P. the activities were a game, that they were a secret, and that she [could not] tell her mother, father, or anybody else. The abuse stopped after L.P. told her biological father on May 7, 2021.

\* \* \*

A jury trial was held from November 8, 2023, to November 13, 2023. … The jury found [] Floyd guilty of [the above-mentioned] charges. The court ordered a pre-sentence investigation [("PSI")] and an assessment by the Sexual Offenders Assessment Board [("SOAB")].

The court subsequently held [a sexually violent predator ("SVP")] hearing. During the hearing, the Commonwealth called John Siegler, Psy.D., [] Floyd's SOAB evaluator. … Dr. Siegler testified that [] Floyd met the SVP criteria …. The court agreed and found [] Floyd to be an SVP. The court then sentenced [] Floyd to an aggregate sentence of fourteen years and nine months to forty years of incarceration, followed by three years of probation.

Trial Court Opinion, 4/3/25, at 2-4 (headings, citations, and unnecessary capitalization omitted).

Floyd timely filed a notice of appeal and a court ordered concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On April 3, 2025, the trial court filed its opinion, pursuant to Pa.R.A.P. 1925(a), in which it addressed the 20 issues Floyd raised in his 1925(b) statement. The court ultimately concluded that Floyd's issues lacked merit and had been waived because he failed to properly preserve the issues and his 1925(b) statement lacked the requisite level of specificity. **See *id.*** at 1.

On appeal, Floyd presents the same 20 issues for our review, which include, *inter alia*, challenges to the sufficiency and weight of the evidence and the discretionary aspects of his sentence.

Rule 2119 of our Rules of Appellate Procedure, which outlines the requirements for the argument section of an appellant's brief, provides, in pertinent part:

> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). This Court has further explained the briefing mandates set forth in Rule 2119(a) as follows:

> The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. It is well-settled that when issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof. Accordingly, where an appellant fails to provide any discussion of his issue on appeal, or case law supporting his right to relief, this Court will not address the issue on appeal.

***Commonwealth v. Wright***, 314 A.3d 515, 523 (Pa. Super. 2024) (quotation marks, brackets, and citations omitted); Pa.R.A.P. 2101 ("Briefs ... shall conform in all material respects with the requirements of these rules … and, if the defects are in the brief … of the appellant and are substantial, the appeal ... may be quashed or dismissed."). Moreover, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant. If a deficient

- 3 -

brief hinders this Court's ability to address any issue on review, we shall consider the issue waived." *Commonwealth v. Jezzi*, 208 A.3d 1105, 1109-10 (Pa. Super. 2019) (internal quotation marks and citations omitted); *see Commonwealth v. Spotz*, 18 A.3d 244, 281 n.21 (Pa. 2011) (finding waiver for lack of development where appellant offered one sentence to support his position, which did not constitute "a developed, reasoned supported, or even intelligible argument.").

Here, the "legal analysis" Floyd presents in his brief to substantiate each issue he raises on appeal is so deficient that we are unable to conduct meaningful appellate review. *See* Appellant's Brief, at 24-41. Floyd's "arguments" are severely undeveloped in that they do not establish a legal basis entitling him to relief, and instead baldly assert a multitude of vague purported errors committed by the trial court, list legal quotations without any discussion thereof, and do not contain a single citation to the record to demonstrate the merits of his allegations. Because this Court will not act as counsel to develop Floyd's arguments on his behalf, his issues are waived pursuant to Pa.R.A.P. 2119 and 2101 for lack of development. *See Jezzi*, 208 A.3d at 1110.

Moreover, in addition to being undeveloped, Floyd's challenges to the weight and sufficiency of the evidence are waived based on his failure to specify in his Rule 1925(b) statement the specific reasons why the verdicts were contrary to the weight of the evidence and which element(s) of which

conviction(s) the Commonwealth's evidence was insufficient to prove. **See Commonwealth v. Cox**, 231 A.3d 1011, 1016 (Pa. Super. 2020) (To properly preserve a sufficiency or weight challenge, appellant's 1925(b) statement "must state with specificity the elements or verdicts for which the appellant alleges that the evidence was insufficient or against the weight of the evidence. Such specificity is of particular importance in cases where [the appellant] was convicted of multiple crimes, each of which contains elements that the Commonwealth must prove beyond a reasonable doubt.") (citation omitted). Although the trial court commendably addressed each of the issues Floyd raised in his 1925(b) statement to the best of its ability, this Court has long recognized that issues can be waived "[e]ven if the trial court correctly guesses the issues [a]ppellant raises on appeal and writes an opinion pursuant to that supposition." **Commonwealth v. Bonnett**, 239 A.3d 1096, 1108 (Pa. Super. 2020) (brackets and citation omitted).

Finally, Floyd also independently waived his challenges to the discretionary aspects of his sentence because he failed to include a Rule 2119(f) statement in his brief, and the Commonwealth objects to the omission. **See** Appellee's Brief, at 20; Pa.R.A.P. 2119(f); **Commonwealth v. DeJesus**, 266 A.3d 49, 55 (Pa. Super. 2021) (*en banc*) (where appellant omits a Rule 2119(f) statement from his brief and the Commonwealth objects, appellant's brief contains a fatal defect, and we lack jurisdiction to review the merits of the discretionary sentencing claim).

Because each of the 20 issues Floyd raises on appeal is fatally undeveloped and waived, he is not entitled to relief. Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2025