J-S26034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZAEQUAN AMIR BLACK | : | |
| | : | |
| Appellant | : | No. 122 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 1, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000392-2023

BEFORE: LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED: SEPTEMBER 3, 2025**

ZaeQuan Amir Black ("Black") appeals from the judgment of sentence imposed by the Court of Common Pleas of Cumberland County ("trial court") following his guilty plea to aggravated assault.[1] Black's counsel, Attorney Kristen L. Weisenberger ("Counsel"), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm Black's judgment of sentence.

On August 27, 2022, while in a state correctional facility, Black punched a correctional officer multiple times in the face. The correctional officer

---

[1] 18 Pa.C.S. § 2702(a).

suffered injuries to his face, a concussion, a laceration to his lip, and retinal damage to his eye. The Commonwealth charged Black with aggravated assault on November 28, 2022.

On August 25, 2023, Black entered an open guilty plea to aggravated assault. The trial court accepted the plea, and on December 1, 2023, the trial court sentenced Black to 78 to 156 months of incarceration.

On December 22, 2023, Black, pro se, sent a letter to the county clerk asking for an appeal. The clerk did not docket this letter. Subsequently, Black filed two pro se motions for reconsideration of sentence on March 27, 2024. On April 4, 2024, the trial court directed the clerk of court to docket Black's initial filing as a notice of appeal and send the remaining documents filed by Black to his counsel. This Court issued a rule to show cause why the appeal docketed on April 4, 2024, should not be quashed as untimely filed. After receiving no response, this Court quashed the appeal. *See Commonwealth v. Black*, 483 MDA 2024 (Pa. Super. May 21, 2024) (per curiam order).

Black filed pro se a petition pursuant to the Post Conviction Relief Act ("PCRA")[2] on September 20, 2024. The PCRA court appointed Counsel, who filed an amended petition, seeking reinstatement of Black's direct appeal rights. On January 15, 2025, the PCRA court reinstated Black's appellate rights, and he subsequently filed a timely appeal.

---

[2] 42 Pa.C.S. §§ 9541-9545.

Counsel filed an **Anders** brief and petition to withdraw as counsel in this Court. When faced with an **Anders** brief, we may not review the merits of the underlying issues or allow withdrawal without first deciding whether counsel has complied with all requirements set forth in **Anders** and **Santiago**. **Commonwealth v. Cox**, 231 A.3d 1011, 1014 (Pa. Super. 2020). There are mandates that counsel seeking withdraw pursuant to **Anders** must follow, which arise because a criminal defendant has a constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal seeking counsel to withdraw under **Anders** must file a petition averring that, after conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an advocate's brief on [a]ppellant's behalf).

**Id.** (citations omitted).

Additionally, **Santiago** sets forth precisely what an **Anders** brief must contain:

[T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the record to determine whether there are any non-frivolous issues that the appellant could raise on appeal. **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel filed a petition with this Court stating that after reviewing the record, she finds the appeal to be wholly frivolous. Petition to Withdraw as Counsel, 5/12/2025. In conformance with **Santiago**, Counsel's brief includes a summary of the facts and procedural history of the case and discusses the issues she believes might arguably support Black's appeal. **See Anders** Brief at 4-19. Counsel's brief further sets forth her conclusion that the appeal is frivolous and includes discussion of, and citation to, relevant authority to support his conclusion. **Id.** at 10-19. Finally, Counsel attached to her petition to withdraw the letter she sent to Black, which enclosed Counsel's petition and **Anders** brief. Petition to Withdraw as Counsel, 5/12/2025, Exhibit A. Counsel's letter advised Black of his right to proceed

- 4 -

pro se or with private counsel, and to raise any additional issues that he deems worthy of this Court's consideration. *Id.* Because Counsel has complied with the procedural requirements for withdrawing from representation, we turn our attention to the issues Counsel raised in the *Anders* brief: "Whether the trial court erred in accepting [Black's] guilty plea and erred in sentencing [Black] to serve 78 to 156 months[?]" *Anders* Brief at 4 (unnecessary capitalization omitted).

### Guilty Plea

For his first issue, Black argues that his plea should not have been accepted by the trial court and that he seeks to withdraw his guilty plea. *Anders* Brief at 10, 16.

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013); *see also* Pa.R.Crim.P. 720(B)(1)(a)(i). Failure to do so results in waiver. *Lincoln*, 72 A.3d at 610.

Black failed to challenge the validity of his guilty plea at his plea colloquy, sentencing, or in a post-sentence motion.[3] Therefore, this issue is waived. *See id.* Thus, Black's first claim is frivolous. *See Commonwealth*

---

[3] As noted above, in his PCRA petition, Counsel only sought the reinstatement of Black's direct appeal rights and did not seek leave to file a post-sentence motion nunc pro tunc.

*v. Cook*, 175 A.3d 345, 350 (Pa. Super. 2017) (finding that waived issues raised on appeal are frivolous); *see also Commonwealth v. Cox*, 231 A.3d 1011, 1016 (Pa. Super. 2020) (explaining that precedent does not permit "this Court to address issues that were not properly preserved in the trial court" and "the mere filing of an *Anders* brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal").

### Discretionary Aspects of Sentencing

Black also challenges the discretionary aspects of his sentence. *Anders* Brief at 16-19. In particular, Black contends that his sentence was excessive. *Anders* Brief at 17.

There is "no absolute right to appeal when challenging the discretionary aspects of a sentence." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010). To invoke this Court's jurisdiction, Black must satisfy the following four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted).

Here, Black failed to preserve his challenge to the discretionary aspects of sentencing as he did not raise the issue at sentencing or in a timely post-

sentence motion. Although Black filed a motion for resentencing and a motion for reconsideration of sentence imposed on March 27, 2024, these motions were untimely filed. *See* Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."); ***see also Commonwealth v. Wrecks***, 931 A.2d 717, 719 (Pa. Super. 2007) ("An untimely post-sentence motion does not preserve issues for appeal."). Therefore, the issue is waived. ***See Commonwealth v. Cartrette***, 83 A.2d 1030, 1042 (Pa. Super. 2013) (stating that failure to challenge the discretionary aspects of sentencing at sentencing or in a post-sentence motion results in waiver). Accordingly, under the circumstances presented here, the claim is frivolous. ***See Cook***, 175 A.3d at 350; ***see also Cox***, 231 A.3d at 1016.

Our independent review of the record reveals no non-frivolous issues that Counsel omitted. ***See Dempster***, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Black's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/03/2025