J-S25010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAMIR HAWKINS | : | |
| | : | |
| Appellant | : | No. 2661 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 13, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001241-2022

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.: **FILED SEPTEMBER 4, 2025**

Samir Hawkins appeals from the judgment of sentence, an aggregate term of 30 to 60 years' incarceration followed by 8 years' probation, entered in the Court of Common Pleas of Philadelphia County after he was convicted of third-degree murder, conspiracy to commit third-degree murder, possession of a firearm prohibited, carrying a firearm without a license, carrying a firearm in public in Philadelphia, possessing the instrument of a crime ("PIC"), and recklessly endangering another person ("REAP")[1] at a waiver trial. On appeal, Hawkins challenges the sufficiency and weight of the evidence as well as the discretionary aspects of his sentence. After careful consideration, we affirm.

---

[1] 18 Pa.C.S.A. §§ 2502(c), 903, 6105(a)(1), 6106(a)(1), 6108, 907(a), and 2705, respectively.

On November 4, 2021, Hawkins and Quadiar Dailey were arrested in connection with the murder of 15-year-old N.J. Beginning on November 13, 2023, the court held a bifurcated waiver trial at which Hawkins and Dailey were codefendants. The court heard additional testimony on January 10, 2024 and February 21, 2024.[2] We glean the following facts from the certified record.

On April 6, 2021 at approximately 10:37 p.m., Officer Kenya Washington of the Philadelphia Police Department responded to a report of gunshots in the area of 2500 Somerset Street and discovered a young, unresponsive male lying face down on a sidewalk on the 2800 block of 26th Street. *See* N.T. Trial, 1/10/24, at 5-6, 8. Officer Washington and her partner placed the male, later identified as 15-year-old N.J., in the back of their patrol vehicle and transported him to Temple Hospital. *See id.* at 7-8. The parties stipulated that N.J. was pronounced dead at 10:40 p.m., his cause of death was a gunshot wound to the torso, and his manner of death was homicide. *See* N.T. Trial, 2/21/24, at 151-52. Ballistics evidence, including three .25 auto fired cartridge casings, one live .25 auto cartridge, and eleven .9 fired cartridge casings, a swab of blood, and a baseball bat were recovered from the crime scene. *See* N.T. Trial, 1/10/24, at 18, 19.

Khalil Henry testified that on the evening N.J was shot, he, N.J., and a group of approximately 10 others were gathered outside of a friend's house

_____

[2] The Commonwealth also presented evidence pertaining to the April 14, 2021 murder of 16-year-old K.G., which implicated only Dailey.

on Bambrey Street when he noticed two people, wearing black masks and hoodies, across the street watching them. *See id.* at 63-66. Henry testified that because of this, he sensed he was in danger and retreated to a friend's house nearby. *See id.* at 65-66. Henry heard shots fired shortly thereafter, and an individual subsequently informed Henry that N.J., who was returning from a store, had been killed. *See id.* at 65, 100, 120. Henry identified Dailey as one of the individuals watching the group and holding a gun and as the person who shot N.J. *See id.* at 68, 79.

Detective Thorsten Lucke processed and analyzed recovered digital surveillance video as part of the investigation. *See id.* at 135. Detective Lucke presented a compilation video to the court that depicted Hawkins and Dailey wearing distinctive clothing in a bodega approximately 2 ½ hours prior to the shooting. *See id.* at 136-39. The compilation also included surveillance footage of the shooting from different angles. Notably, one angle depicts muzzle flashes originating from two individuals who run directly into a camera's view while fleeing. Although the individuals' faces are covered with masks and hoods, the footage captures the individuals' pants and shoes, which Detective Lucke compared to the pants and shoes Hawkins and Dailey were depicted wearing in the earlier footage from the bodega. *See id.* at 147-49.

On April 21, 2021, Krishaun Hair was arrested for a firearms offense, and officers recovered a polymer 80 ghost gun from Hair's waistband, which "match[ed] the ballistics used in the murder of [N.J.]" N.T. Trial, 2/21/24, at

116. Hair was interviewed by detectives and gave recorded statements identifying Hawkins and Dailey as N.J.'s shooters. *See id.* at 12. At trial, Hair recanted his identifications and maintained that detectives coerced his prior statements and that he had been impaired when he was interviewed. *See id.* at 7, 18, 34-35, 82-84, 91-94.

Officers obtained warrants to search both Hawkins' and Dailey's residences. The search of Dailey's residence yielded upwards of 60 .25 caliber live rounds similar to those recovered from the crime scene. *See id.* at 105. Officers recovered from Hawkins' residence what appeared to be the T-shirt he was depicted wearing in the bodega surveillance footage on the night of the murder. *See id.* Detective Michael Livewell recovered Ring camera footage from Hair's residence at 2928 N Bailey Street, located 1 ½ blocks from the crime scene, as part of his investigation. *See id.* at 102-03, 137. Detective Livewell testified that recovered footage from 3:51 p.m. on April 6th "clearly" showed Dailey outside the residence wearing what appeared to be the same pants worn by one of N.J.'s shooters. *Id.* at 108-09; *see* C-35. Additional footage timestamped at 5:22 p.m. showed Hawkins wearing the same T-shirt that was recovered from his residence, and footage timestamped 10:55 p.m., minutes after the shooting, showed Hawkins retrieving "the ghost [gun]" from Hair's waistband. N.T. Trial, 2/21/24, at 110; *see* C-36, C-41. The parties also stipulated that both Hawkins and Dailey were ineligible to possess a firearm under Section 6105 due to prior convictions. *See* N.T. Trial, 2/21/24, at 155.

On February 21, 2024, after hearing all evidence and closing arguments, the court convicted Hawkins of third-degree murder, conspiracy to commit third-degree murder, possession of a firearm prohibited, carrying a firearm without a license, carrying a firearm in public in Philadelphia, PIC, and REAP. On June 13, 2024, the court sentenced Hawkins to an aggregate term of 30 to 60 years' imprisonment and 8 years' probation. Specifically, the court imposed a sentence of 20 to 40 years for the third-degree murder conviction and consecutive sentences of 5 to 10 years each for conspiracy to commit third-degree murder and persons not to possess firearms. The court also imposed probation sentences of 2 years each for Hawkins' convictions of PIC, REAP, carrying a firearm without a license, and carrying a firearm on the streets of Philadelphia, to run consecutive to each other and to his term of imprisonment. Hawkins filed a timely one-page post-sentence motion challenging the weight and sufficiency of the evidence and the discretionary aspects of his sentence, which the court denied on September 17, 2024. On September 27, 2024, Hawkins filed a notice of appeal. Both Hawkins and the trial court have complied with Pa.R.A.P. 1925(a), (b).

On appeal, Hawkins presents the following questions for our review:

I. Was the evidence sufficient to support [Hawkins'] convictions for third-degree murder, criminal conspiracy, violations of the uniform firearms act, [PIC] and [REAP] where the sole evidence implicating [Hawkins] was the prior statements of a witness who recanted the statements at trial?

II. Were the [] verdicts for the above charges also against the clear weight of the evidence where the only evidence implicating

- 5 -

[Hawkins] in the shooting was the prior statements of a witness who recanted [the statements] at trial and who claimed to be high/impaired at the time he gave the statements and also claimed that his statements were coerced by detectives who threatened to charge him criminally if he did not implicate [Hawkins] and [Dailey]?

III. Did the lower court abuse its discretion in sentencing [Hawkins] to a manifestly excessive sentence of 30 to 60 years of imprisonment where the court based its sentence solely on the severity of the crime and failed to properly consider all relevant sentencing factors, including [Hawkins'] difficult childhood and history of mental illness?

Appellant's Brief, at 5 (formatting altered; unnecessary capitalization and trial court answers omitted).

In his first issue, Hawkins challenges the sufficiency of the evidence to sustain his convictions.

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim, the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

In applying the above test, we may not reweigh the evidence and substitute our judgment for the fact-finder.

*Commonwealth v. Holmes*, 327 A.3d 307, 311-12 (Pa. Super. 2024) (brackets and citation omitted).

Hawkins does not allege that the Commonwealth's evidence was insufficient to prove a specific element of a particular offense in either his

- 6 -

1925(b) statement or his brief. *See* 1925(b) Statement, 10/28/24, at ¶ 1; *see* Appellant's Brief, at 14-23. Rather, he avers the evidence was insufficient to sustain any of his convictions because it was "entirely [] circumstantial[,]" and "the sole evidence offered against him was the recanted prior inconsistent statements of [Hair]." Appellant's Brief, at 14, 15. Hawkins concludes that Hair's recanted testimony was "so unreliable that the evidence underlying his convictions must be deemed insufficient as a matter of law." *Id.* at 16. Hawkins is not entitled to relief.

First, we find that Hawkins has waived his sufficiency challenge by failing to properly preserve it in his 1925(b) statement. Our Rules of Appellate Procedure require that an appellant "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge" to avoid waiver of the issue. Pa.R.A.P. 1925(b)(4)(ii), (vii).

> If an appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. Where a 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal.

*Commonwealth v. Arnold*, 284 A.3d 1262, 1279 (Pa. Super. 2022) (brackets, ellipses, and citation omitted). "Such specificity is of particular importance in cases where[ an appellant] was convicted of multiple crimes, each of which contains elements that the Commonwealth must prove beyond a reasonable doubt." *Commonwealth v. Cox*, 231 A.3d 1011, 1016 (Pa.

Super. 2020). "Even if the trial court correctly guesses the issues [an appellant] raises on appeal and writes an opinion pursuant to that supposition[,] the issues are still waived." ***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020) (brackets and citation omitted).

In his 1925(b) statement, Hawkins failed to adequately identify the errors he intended to challenge on appeal because he did not specify which element(s) of which crime(s) the Commonwealth's evidence was allegedly insufficient to establish beyond a reasonable doubt. ***See Arnold***, 284 A.3d at 1279. Accordingly, Hawkins' sufficiency challenge is waived on this basis.

Second, by basing his argument on the credibility of Hair's recanted testimony, Hawkins conflates the legally distinct concepts of sufficiency and weight of the evidence. A "challenge to the weight of the evidence is distinct from a challenge to the sufficiency of the evidence in that the former concedes the Commonwealth has produced sufficient evidence of each element of the crime, but questions which evidence is to be believed." ***Commonwealth v. Kinney***, 157 A.3d 968, 971 (Pa. Super. 2017) (citation omitted). "[A]n appellant's challenge to the sufficiency of the evidence must fail where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that the appellant provides goes to the weight of the evidence." ***Commonwealth v. Juray***, 275 A.3d 1037, 1043 (Pa. Super. 2022) (internal quotation marks, brackets, and citations omitted). Accordingly, Hawkins' sufficiency challenge also fails on this basis.

Moreover, Hawkins' contention that Hair's recanted statement was the only evidence connecting him to the shooting is belied by the record. The Commonwealth presented extensive surveillance footage at trial, including footage that clearly depicts two individuals firing guns and running straight into the camera's view upon fleeing. One of those individuals is wearing what appears to be the same pants and shoes Hawkins was depicted wearing in surveillance footage from inside a bodega near the crime scene 2 ½ hours prior to the shooting and in Hair's Ring doorbell footage minutes after the shooting.

Therefore, because Hawkins' sufficiency challenge is waived and the basis for his claim is contradicted by the record, he is not entitled to relief.

In his second issue, Hawkins challenges the weight of the evidence.

Our standard of review in addressing weight of the evidence claims is whether the trial court has exercised an abuse of discretion by overriding or misapplying the law or rendering a judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. Appellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is or is not against the weight of the evidence. Accordingly, for an appellant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague, and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Williamson*, 330 A.3d 407, 419 (Pa. Super. 2025) (quotation marks and citations omitted).

Hawkins claims the verdicts were against the weight of the evidence "where the fact-finder's conclusion that [he] was guilty was based on testimony that that was so unreliable that a new trial is required in the interests of justice." Appellant's Brief, at 14. Specifically, Hawkins alleges the verdicts were based upon Hair's "inherently unreliable" testimony that was uncorroborated by physical evidence. *See id.* at 23. We disagree.

The trial court indicated that in considering Hawkins' weight of the evidence claim, it "reviewed the entire record, including a thorough reading of the trial transcripts and admitted exhibits" and concluded that "the verdict was not so contrary to the evidence as to shock one's sense of justice, nor was it so tenuous, vague and uncertain that it shocks the conscience of the court." Trial Court Opinion, 11/1/24, at 10. The court found that, contrary to Hawkins' contentions, the evidence presented was "compelling and substantial" and it "strongly supported the verdict." *Id.*

Essentially, Hawkins takes issue with the factfinder's credibility determinations, resolution of contradictory testimony, and weighing of the evidence presented at trial. However, "the actual appellate issue is whether the trial court abused its discretion by deciding that its non-jury verdicts [] were not against the weight of the evidence, so as to shock the trial court's conscience and its sense of justice." *Commonwealth v. Rogers*, 259 A.3d

539, 541 (Pa. Super. 2021) (emphasis omitted). Accordingly, to successfully challenge the trial court's determination that its guilty verdicts were not so contrary to the weight of the evidence as to shock its own conscience on appeal, Hawkins "needed to demonstrate how the trial court's ruling overrode the law, was manifestly unreasonable, or the product of bias, prejudice, ill-will or partiality." *Id.* Hawkins has failed to allege or show that the trial court abused its discretion but rather asks us to reassess Hair's credibility and reweigh evidence, which is beyond our purview. *See Commonwealth v. Mosley*, 114 A.3d 1072, 1087 (Pa. Super. 2015) (Credibility determinations are "solely within the province of the [factfinder].") (citation omitted). The trial court, as factfinder, was in the position to pass on the credibility of Hair's recanted testimony while considering his prior identifications and the evidence corroborating his prior identifications, specifically surveillance footage depicting Hawkins and Dailey wearing what appears to be the same clothing as the shooters both before and after the shooting. Therefore, because Hawkins has failed to demonstrate an abuse of discretion by the trial court in denying his weight of the evidence issue, this challenge fails, and he is not entitled to his requested relief.

In his final issue, Hawkins challenges the discretionary aspects of his sentence. Hawkins avers the sentencing court imposed an excessive sentence of 30 to 60 years' imprisonment and "relied solely on the severity of the offense … without consideration for his lack of any prior violent felony

convictions, his extremely traumatic childhood, rehabilitative potential and expression of remorse." Appellant's Brief, at 14, 27. Hawkins is not entitled to relief.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Thompson*, 333 A.3d 461, 467 (Pa. Super. 2025) (brackets and citation omitted). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Reid*, 323 A.3d 26, 29 (Pa. Super. 2024) (citation omitted). To determine whether an appellant has properly invoked our jurisdiction to review a discretionary sentencing challenge, we consider:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Banniger*, 303 A.3d 1085, 1096 (Pa. Super. 2023) (brackets and citation omitted).

Hawkins filed a timely notice of appeal, included a Rule 2119(f) statement in his brief, and raised a substantial question by alleging that the court imposed an excessive sentence without considering relevant sentencing factors. *See Commonwealth v. Goodco Mechanical, Inc.*, 291 A.3d 378, 405 (Pa. Super. 2023) ("[A] claim of excessiveness, in conjunction with a

claim that the court did not consider the relevant sentencing criteria and/or considered improper factors, poses a substantial question.") (citation omitted).

However, Hawkins failed to preserve the sentencing challenge he raises on appeal in his post-sentence motion. **See Banninger**, 303 A.3d at 1096; Pa.R.Crim.P. 720(B)(1)(a) ("All requests for relief from the trial court shall be stated with specificity and particularity[.]"); **see also** Pa.R.A,P. 1925(b)(4) (An appellant must "concisely identify" each error he intends to raise on appeal to preserve the issue for appellate review.). In his post-sentence motion, Hawkins alleged that "[t]he trial court erred in imposing a sentence which was much harsher than the sentencing guidelines suggest." Post-Sentence Motion, 6/18/24, at ¶ 2. However, in his 1925(b) statement, Hawkins raised the following issue:

> Did the lower court abuse its discretion in sentencing appellant to a manifestly excessive sentence of 30 to 60 years of imprisonment where the court based its sentence solely on the severity of the crime and failed to properly consider all relevant sentencing factors, including the circumstances of the offense, appellant's difficult childhood, history of mental illness, and his expressions of remorse?

1925(b) Statement, 10/28/24, at ¶ 3. This Court has found adequate preservation of a discretionary sentencing claim before the sentencing court despite the appellant's failure to "precisely level the issue made in his Pa.R.A.P. 1925(b) statement or on appeal in his post-sentence motion" where "a fair reading of his [post-sentence] motion could encompass his position."

- 13 -

***Commonwealth v. Tobin***, 89 A.3d 663, 666 (Pa. Super. 2014). However, we find the circumstances of the instant matter distinguishable, as Hawkins' proffered basis for challenging his sentence in his post-sentence motion, sentencing outside the guidelines, is entirely distinct from the basis asserted in his 1925(b) statement, failing to consider sentencing factors and focusing only on the severity of the crime. Even a fair reading of his post-sentence motion cannot be said to encompass his position on appeal. ***See Commonwealth v. Cartrette***, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (finding discretionary sentencing issue raised on appeal waived for failure to preserve it in post-sentence motion). Accordingly, because Hawkins failed to preserve his sentencing challenge before the sentencing court, he fails to invoke our jurisdiction.

Moreover, even if Hawkins had properly preserved this issue, he would not be entitled to relief.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

> ***

> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.[A.] § 9721(b), including the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant. Additionally, the trial court

- 14 -

must consider the sentencing guidelines. Where a PSI report exists, this Court will presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. An appellant is not entitled to a volume discount on his multiple convictions by the imposition of concurrent sentences.

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. In conducting appellate review, this Court cannot reweigh sentencing factors and impose judgment in place of the sentencing court where the lower court was fully aware of all mitigating factors.

*Commonwealth v. Lawrence*, 313 A.3d 265, 285-86 (Pa. Super. 2024) (citations, brackets, and quotation marks omitted).

Prior to imposing Hawkins' sentence, the court indicated that it had reviewed "everything that ha[d] been presented[,]" which included a PSI, a mental health report, defense counsel's argument, the Commonwealth's argument, victim impact testimony, and Hawkins' allocution. N.T. Sentencing 6/3/24, at 19; *see Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) ("Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.") (citations omitted). The court also considered "the nature of the crime, [Hawkins'] background, the likelihood of rehabilitation[,] and the need for the public to be protected from this behavior by [Hawkins] again." Trial Court Opinion, 11/1/24, at 12.

Accordingly, Hawkins' contentions are not supported by the record, and we discern no abuse of discretion by the trial court in fashioning his sentence.

Therefore, because Hawkins' discretionary sentencing challenge is waived and meritless, he is not entitled to his requested relief.

For the foregoing reasons, we affirm Hawkins' judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/4/2025